## TEXAS CENTENNIAL CENTRAL EXPO-SITION v. AHLFINGER.

### No. 12336.

Court of Civil Appeals of Texas. Dallas.

July 3, 1936.

Rehearing Denied July 11, 1936.

Bromberg, Leftwich, Carrington & Gowan, of Dallas, for appellant.

C. M. Whitehurst, of Dallas, for appellee.

BOND, Justice.

Max Ahlfinger, doing business as the Dallas Distilled Water Company, procured from the Texas Centennial Central Exposition, Inc., a permit to admit his truck and driver to the Texas Centennial Exposition grounds. The permit was granted on a written application and for the purpose of making delivery of specified merchandise, among which is listed "refrigerator supplies"; and the application provides that the permit is limited to the delivery of the named classified articles and is "subject to the rules and regulations covering delivery within the Exposition grounds as may be prescribed by the Texas Centennial Central Exposition * * *." The permit is conditioned that the Exposition corporation retains the right to exercise a cancellation of the permit, at its discretion.

The record shows that Ahlfinger was granted no written permit for a concession by the Exposition corporation to sell or rent within the grounds any of the merchandise classified and listed in the application for entry permit, and Ahlfinger only paid for a permit to enter the grounds with his truck and driver, for the specific purpose of making delivery of the articles of merchandise mentioned in the application. Evidently, Ahlfinger knew that a written permit for a concession was required by the Exposition corporation, and that an extra charge is made for such concessions.

After procuring the permit to enter into the grounds with his truck and driver, Ahlfinger, by virtue of what he contends, in effect, to be an oral permit granted by the officials of the Exposition corporation, began a course of selling to exhibitors and concessionaires within the grounds, dis-

tilled water, refrigerator water-containers, cups, etc.

The Exposition corporation, in accordance with its prescribed rules and regulations and the express reservation in the permit granted to Ahlfinger, canceled the permit which had been issued to him; and, thereafter, refused to allow Ahlfinger the privilege of entering the grounds with his truck and driver for the purpose of delivering the articles of merchandise which he had theretofore been selling and had subsisting contracts with exhibitors and concessionaires to deliver. Whereupon, Ahlfinger applied to a district court of Dallas county for writ of injunction to restrain and enjoin the Texas Centennial Central Exposition from revoking his permit, and from interfering with his right to sell his distilled water and to rent his bottles and coolers under his contracts with the exhibitors and concessionaires, and from interfering with his truck and driver in making delivery of said waters, bottles, and coolers, and soliciting customers within the Exposition grounds.

The Texas Centennial Central Exposition filed answer, controverting all of the equities in the bill for the injunction and resisting the issuance of the writ on the ground that in canceling the permit complained of, it was exercising the discretionary right retained in the contract; and, in the alternative, pleaded that "if and whenever a temporary injunction should be granted by the court, the same, on hearing, be forthwith dissolved."

The court, on hearing, granted the temporary injunction, but made no order as to the alternative plea for dissolution. On the following day, the Texas Centennial Central Exposition perfected its appeal.

■ The appellee, Ahlfinger, on motion, has challenged the jurisdiction of this court to entertain this appeal, on the ground that the alternative plea of the appellant to dissolve the temporary injunction has never been disposed of by the trial court, is still pending, and, until the trial judge has exercised his discretion on the plea to dissolve, this court is without jurisdiction to entertain this appeal.

The trial court, in granting the temporary injunction, directed that "it (the injunction) continue in effect during the pendency of the suit, unless and until the court enters order otherwise"; and the order expressly relates that "the defendant duly excepted and in open court gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas." It is clear, we think, that the action of appellant in perfecting the appeal from the order granting the injunction immediately after the order was entered and before the court could possibly act on the alternative plea to dissolve tantamounts to an abandonment of the alternative plea for dissolution. The motion to dissolve could not have been acted upon by the trial court at the time the appeal was perfected; therefore, the appellant waived the alternative plea to dissolve, and the appeal, duly perfected from the order granting the injunction, conferred jurisdiction on this court. Appellee's motion to dismiss is overruled.

■ On the merits of the appeal: In granting appellee the permit to enter the Exposition grounds with a truck and driver, the appellant expressly reserved to itself the right to cancel the permit at its own discretion. This right of cancellation was prescribed by the Exposition corporation as a condition precedent for the issuance of the permit; and, in the absence of pleadings or proof that the exercise of that discretion by the appellant was arbitrary or capricious, its acts should not be interfered with by injunction. The controverting issues involved in this suit are to be determined on trial of the case; if the appellee has a concession contract with appellant to sell merchandise and makes contracts therefor with exhibitors and concessionaires, that issue is the crux of the litigation and will have to be determined on the final trial. Appellant contends that appellee has no such contract, and this is controverted by appellee, so, in advance of a trial, we think the trial court was not justified in restraining appellant in the exercise of the discretionary right reserved to the written contract to cancel the permit, and to prohibit the sale of merchandise contrary to the rules and regulations which appellant had prescribed.

Therefore, the judgment of the lower court should be reversed and the temporary injunction dissolved; it is so ordered.

### On Rehearing.

Pending this appeal and appellee's motion to dismiss, appellant presented its application for a writ of certiorari to enlarge the record herein by filing a duly

certified copy of a supplemental pleading filed in the court below, withdrawing its motion to dissolve, and an additional appeal bond.

The motion for certiorari is granted, amending the record in the particulars above stated, and as thus enlarged the entire record is considered in the light of appellee's motion for rehearing. We are of opinion that the disposition of this case was correctly decided in our original opinion; accordingly, appellee's motion for rehearing is overruled.

Overruled.